**E-FILED**
Tuesday, 11 April, 2006  09:17:54 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FRANKLIN MCCOY,

      Plaintiff,

v.                                   06-3003

MARK CARICH,

      Defendant.

**Order**

The plaintiff, confined in Big Muddy Correctional Center as a sexually dangerous person, filed this action challenging that confinement, and also alleging that his life is threatened by other inmates.

The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to dismiss any legally insufficient claims, or the entire action if warranted.  The court held a merit review hearing to help clarify the plaintiff's claims.

The merit review standard is the same as a motion to dismiss standard.  *Pro se* complaints are liberally construed, taking the allegations as true.  *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972).  A claim can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521.

The plaintiff challenges the defendant's testimony in court, which apparently led to the plaintiff's confinement as a sexually dangerous person.  This challenge must be made in a habeas corpus action, which the plaintiff has already done.  *McCoy v. Carich*, 05-3192 (C.D. Ill., judgment entered in respondent's favor 3/31/06).  Prisoners challenging their custody in federal court must do so in a habeas corpus action, because they contest the fact or duration of custody.  *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000).

The plaintiff also alleges that his life is in danger from other inmates.  (d/e 1-2, p.6).  He stated so at the merit review hearing, but he also admitted that he had not pursued his administrative remedies about this problem (i.e., filed a grievance).  Before he can file a lawsuit based on these allegations, he must first exhaust his administrative remedies.  42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted.").  Exhaustion means properly and timely taking each step in the administrative process established by state procedures, including filing a grievance and appealing adverse decisions.  *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002).

1

The plaintiff's complaint is therefore dismissed as to Carich because those claims are not cognizable in a Section 1983 action.  The Complaint is dismissed, without prejudice, for failure to exhaust as to the other allegations (life in danger).  The plaintiff may file a new complaint about the threat from other inmates after he has exhausted his administrative remedies.

IT IS THEREFORE ORDERED that the plaintiff's complaint is dismissed as barred *Heck v. Humphrey*, 512 U.S. 477 (1994), as to the allegations against Defendant Carich, and is dismissed, without prejudice, for failure to exhaust administrative remedies as to the Complaint's other allegations.  All pending motions are denied as moot (d/e 1), and this case is closed.

Entered this 11th Day of April, 2006.


**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE